MATTER OF PAA PLANE "FLIGHT 896/10"

In FINE Proceedings

HHW-280.28

*Decided by Board December 2, 1959*

Fine—Section 273 of 1952 act—Liability is incurred when alien seeking TRWOV privilege lacks valid passport.

Carrier presenting passenger for admission in transit without visa (TRWOV) who is not in possession of passport or other document authorizing her entry into country beyond United States as required by section 238(d) agreement, is held liable to fine under section 273 of the 1952 act.

IN RE: PAA Plane "Flight 896/10," which arrived at Honolulu, Hawaii, from foreign on May 10, 1959. Alien passenger involved: B——F——H——.

## BEFORE THE BOARD

**Discussion:** This appeal is directed to an administrative penalty of $1,000 which the District Director at Honolulu has ordered imposed on Pan American World Airways, Inc., owners of the above-described aircraft. The specific violation charged is bringing to the United States from a place outside thereof the above-named alien passenger who was not in possession of an unexpired visa and was not exempt from the presentation of same. The appeal will be dismissed.

There is no dispute as to the basic facts of this case. This female alien passenger, a native of England and a British subject, arrived aboard the above-described aircraft on a flight from Nadi, Fiji. She was not in possession of any type of visa valid for admission into the United States, and was presented by the carrier for admission in transit without a visa (TRWOV). She presented an unrenewed New Zealand passport with an expiration date of January 9 1959. It contained the following endorsement: "This passpor should not be renewed unless evidence of the holder's birth in Eng land is produced." Her passport listed the passenger's birthplac as England and Form I-94 listed her home address as England She stated that she was destined to England, and her ticket showe that she was booked to depart from Seattle, Washington, for Eng land on May 11, 1959, the day following her arrival in Honolul Under these circumstances, and due to the fact that the passeng appeared to be somewhat senile and completely puzzled concernin

498

er situation, she was paroled to continue her trip and she apparently departed from the United States, as per schedule.

The carrier admits that it brought the passenger to the United States, as above, and that she did not possess an unexpired visa or valid passport. However, it contends that she was not required to have a valid visa inasmuch as she was presented as a TRWOV, pursuant to section 238(d) of the Immigration and Nationality Act (8 U.S.C. 1228). It argues that since she was in possession of a New Zealand passport which certified to her identity, this document would suffice to guarantee her entry into England as a British subject. It pointed out that she had confirmed transportation from New Zealand to England, and was in transit through the United States, as required by the agreement (Form I-426) entered into between the carrier and the United States Government. Finally, the carrier claims that the fact that the passenger was admitted to the United States is sufficient proof that she held adequate documentation.

Upon careful consideration of the entire evidence of record, together with the representations throughout, we are of the opinion that the district director has properly ordered a penalty imposed in this case.

In the first place, the passenger was not admitted into the United States but only paroled as a privilege and solely for humanitarian reasons. This action can in no way be construed as indicating that she was in possession of proper documents.

Second, Item 1(b) of the I-426 agreement, *supra*, contains the requirement that the alien have "a valid visa, passport or other travel document authorizing his (her) entry into a country beyond the United States as required by such country." This requirement of the agreement was clearly not met in this instance. The passport which the passenger presented had expired and was, therefore, no guarantee that the passenger would be admitted into England. Also, because of the notation in the passport there was reason to doubt that she would be admitted to New Zealand if she applied there.

Third, in view of the foregoing, the passenger was not clearly and beyond doubt admissible to some country other than the United States. Therefore, she could not properly be presented as a TRWOV.

Finally, under the circumstances hereinbefore outlined, the carrier certainly did not exercise due diligence in bringing her to the United States as a TRWOV. Even cursory examination of the passport would have revealed that it had expired and that its value as a document of identity was questionable. The fact that the passenger had confirmed continuous transportation through the United States is not the sole requirement under the agreement (*supra*).

**Order:** It is ordered that the appeal be and the same is hereby dismissed.